# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY 1998 SESSION



FILED

June 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **LARRY CATRON,** | ) |
| | ) C.C.A. No.  02C01-9710-CC-00376 |
| Appellant, | ) |
| | ) Lauderdale County |
| V. | ) |
| | ) Honorable Joseph E. Walker, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) |
| | ) (Habeas Corpus) |
| Appellee. | ) |

FOR THE APPELLANT:

Larry Catron, <u>Pro Se</u>
#103691
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN 38041-1000

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 5th Avenue North
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

# O P I N I O N

The appellant, Larry Catron, filed a pro se petition for writ of habeas corpus in the Lauderdale County Circuit Court alleging that his convictions are void. The trial court found that the petition failed to state a claim for habeas corpus relief and dismissed the petition without appointing counsel and conducting a hearing. The appellant appeals pro se. We affirm.

The appellant is serving two concurrent life sentences in the Cold Creek Correctional Facility in Lauderdale County based on guilty pleas to armed robbery in Jefferson and Sevier Counties. This Court affirmed the dismissal of the appellant's multiple post-conviction petitions in April 1988, June 1992, February 1994, and May 1994.

In September 1997, the appellant filed the present petition for habeas corpus relief. He alleged that his convictions were null and void because his guilty pleas were not voluntarily and intelligently made. He averred that his rights to due process and equal protection were violated because of the court's failure to advise the appellant that another defendant's convictions were being used to enhance his sentence. The trial court dismissed the petition, holding that the appellant failed to allege a claim for habeas corpus relief.

"Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); see Tenn. Code Ann. § 29-21-101 (1980). If a court is without jurisdiction or authority to sentence a defendant, then the judgment is void. Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). Otherwise, the judgment is voidable and subject to review by a petition for post-conviction relief. Id.

The appellant argues that the court lacked jurisdiction to enhance his sentence based upon someone else's convictions. In his brief, the appellant explains that he is Caucasian, and that the Fayette County record of Larry Laverne Catron, an African-American, was used to determine his sentence at the hearing on his guilty plea. He contends that he did not find out about the mistake until the appeal of his post-conviction petition from the Jefferson County Criminal Court. See Catron v. State, No. 03C01-9112-CR-394 (Tenn. Crim. App., filed at Knoxville June 24, 1992). The issue in that post-conviction petition was whether the appellant voluntarily and knowingly entered his guilty plea when the trial court allegedly failed to advise him of his right against self-incrimination. In that appeal, the assistant attorney general referred to Larry Laverne Catron in the state's brief. In the statement of the facts, the state wrote that during the Jefferson County plea hearing, the trial court referred to the appellant's other cases in Fayette County and other counties. The assistant attorney general also wrote that "[t]he trial judge was familiar with two of the petitioner's other hearings and before he discussed a plea for the instant offenses, he asked the defendant about his other cases. The trial judge remembered that the petitioner had pled guilty to similar charges (armed robbery and burglary) in Sevier County. . . . The trial judge knew that, in another case, the defendant had been convicted in a jury trial. State v. Larry Laverne Catron, Fayette County, CCA No. 4, opinion filed March 6, 1985." We fail to see any reference to Larry Laverne Catron as an African-American in the record before us. Furthermore, assuming that the appellant's sentence was improperly determined, it appears that the trial judge referred to the Fayette County convictions at the Jefferson County guilty plea hearing in front of the appellant. The appellant apparently has no Fayette County convictions.

The appellant does not argue that his sentence was unauthorized by law, only that his sentence was improperly determined. This is not a cognizable ground for habeas corpus relief. The appellant could have corrected the trial

court at the plea hearing, discussed it with his attorney after the hearing, or filed a petition for post-conviction relief. The appellant did not raise the issue in his previous multiple post-conviction petitions. His last two petitions were dismissed as barred by the statute of limitations. It appears that the appellant should have known of a mistake, if there was a mistake, at the guilty plea hearing, not at the time of the appeal of his second post-conviction petition, as he claims. From the record before us, we fail to see how his Sevier County guilty plea and life sentence are void.

Appellant has failed to state a cognizable ground for habeas corpus relief. It would be improper for the trial court to treat the petition as one for post-conviction relief. The petition was filed in the wrong county, and the one-year statute of limitations has run.

The trial court's judgment is AFFIRMED.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge


_____
THOMAS T. WOODALL, Judge